16 N.Y.2d 1067 (1965)
Joanne Johnson, as Administratrix of The Estate of Ulysses Johnson, Deceased, et al., Plaintiffs, and Mary Szczerba, as Administratrix of The Estate of Nick Szczerba, Deceased, Respondent,
v.
Equitable Life Assurance Society of the United States et al., Defendants, and Michigan Tool Company, Appellant.
Equitable Life Assurance Society of the United States, Third-Party Plaintiff-Respondent,
v.
Skidmore, Owings & Merrill et al., Third-Party Defendants, and Michigan Tool Company, Third-Party Defendant-Appellant.
Court of Appeals of the State of New York.
Argued October 20, 1965.
Decided December 1, 1965.
John M. Aherne and James J. Taylor for appellant.
Emile Z. Berman, A. Harold Frost, Leonard Sheft and Paul M. Brown for Equitable Life Assurance Society of the United States, third-party plaintiff-respondent.
No appearance for plaintiff-respondent.
Chief Judge DESMOND and Judges DYE, FULD, VAN VOORHIS, BURKE, SCILEPPI and BERGAN concur.
*1068 MEMORANDUM:
The decision on the appeal should be withheld and the case remitted to the court at Special Term for further development of the record. On the argument of the appeal, third-party plaintiff-respondent Equitable offered for consideration by this court in the first instance transcripts of examinations before trial of third-party defendant Michigan Tool. On their face these transcripts seem to suggest that third-party defendant had done some business in New York. No opportunity to amplify by other proof or explain the total effect of its activities in New York has been afforded third-party defendant, and no first instance evaluation of the tendered proof has been *1069 made by a court possessed of fact-finding powers. Therefore, this proffered proof may not be given first instance evaluation here (Matter of Hayes, 263 N.Y. 219, 221; Employers' Liab. Assur. Corp. v. Daley, 297 N.Y. 745).
Upon remission the court at Special Term shall determine as a fact upon the basis of all the proof that may be offered by the parties whether the cause of action for tort described in the complaint arose itself from the transaction of any business by third-party defendant within the State under CPLR 302 (subd. [a], par. 1); and if it did not so arise, whether the activities of third-party defendant meet the criteria prescribed by Tauza v. Susquehanna Coal Co. (220 N.Y. 259) for "doing business" within the State. (Cf. CPLR 301, 313.)
Decision withheld and matter remitted to Special Term for further proceedings in accordance with the MEMORANDUM herein.