Chief Judge Desmond.
This is another case where the New York courts under CPLR 302 (subd. [a]) are asked to exercise personal jurisdiction over a nondomiciliary on the theory that the cause of action sued upon has arisen from transaction of “ any business within the state ” or has arisen from the commission of a “ tortious act within the state 5 ’. In this instance both courts below held against jurisdiction and so dismissed the first cause of action (Kramer against Yogi). We granted leave to appeal.
Plaintiff is a resident of this State and does business in New York City as a dealer in imported leather. The action is for fraud. The summons and complaint were served personally on defendants-respondents in Austria where they live and carry on the business of producing and marketing “ Yogi ” leathers. G-enerally it is the theory of the complaint that plaintiff suffered damage because of the willful fraud and deceit of defendants Yogi in that the latter, when appointing plaintiff as defendants’ exclusive United States agent to import and distribute defendants’ leather products, made intentionally false representations to plaintiff that Yogi leather would not be supplied to anyone else in this country in competition with plaintiff. Plaintiff charges that to induce him to purchase Yogi leathers and to promote their sale in the United States to plaintiff’s customers the Yogi defendants falsely promised not to sell these products to anyone else in the United States (except one named cus *30 tomer) and that relying on these promises plaintiff purchased from defendants and imported to the United States large quantities of Vogl leathers and spent such time and effort in advertising and promoting the sale of these wares. From August, 1960 to March, 1962, plaintiff avers, this arrangement continued and in the latter month the arrangement was renewed with a repetition by defendants of the same warranties as to sole representation. However, so plaintiff alleges, defendants never intended to keep these promises and in fact at the time of the renewal in March, 1962 had already arranged to sell and had sold and continued to sell their wares to the defendants Chilewich and their associated companies, all of this causing great damage to plaintiff. On this appeal we are not concerned with the complaint’s second cause of action which runs against the Chilewich defendants only.
All shipments from Vogl to plaintiff were, as agreed, f. o. b. European ports. It is the position of the Vogls that not only did they never do any business in New York but that plaintiff was never given the sole United States agency, that even if plaintiff was appointed sole American agent the one-year contract was never renewed, and, also, that the “ tortious acts ” of defendants Vogl, if any, were committed not in New York State but in Austria. It is undisputed that the original contract between plaintiff and defendants Vogl was arranged at a meeting in Paris in 1959 and that when plaintiff returned to New York defendants from Austria wrote to plaintiff in New York a letter confirming the conversation in which plaintiff had been granted the sole American agency for one year. Plaintiff was not paid by the Vogls on a salary or commission basis but bought the leather and paid for it.-
Defendants moved to dismiss the complaint on the ground that the Vogl defendants had never transacted any business in the State of New York and that the court has not acquired personal jurisdiction as to them.
Both courts below wrote brief opinions to the effect that defendants Vogl did not have the “minimum contacts” in New York State necessary for acquisition of personal jurisdiction over them and that any cause of action arising out of the transaction between the parties did not arise from a tortious act within the meaning of subdivision (a) of OPLR 302. One *31 of the Justices at the Appellate Division, concurring, took the position that, while the complaint may be construed to show a tortious act within this State in the sense of damage done here, that nonetheless any activity of the Yogi defendants within this State was not sufficient to satisfy the constitutional requirements of due process.
We first look to see whether there is a sufficient showing here under paragraph 2 of subdivision (a) of 302 — that is, whether the papers show the commission by defendants Yogi of a tortious act within this State. The argument on behalf of plaintiff is that the last act of the fraud was committed in New York when Yogi sent merchandise to Chilewich, also that the damage to plaintiff was done in New York. A difficulty is, however, that in Feathers v. McLucas and Singer v. Walker (15 N Y 2d 443) we have given restrictive meaning to the requirement that there be a showing of a tortious act committed in this State and have made it clear that the statutory phrase is not synonymous with “ commits a tortious act without the state which causes injury within the state ” (supra, p. 460). The plain meaning of the Feathers and Singer decisions (supra) is that jurisdiction under 302 (subd. [a], par. 2) requires that a defendant’s act of omission occur within the State. Here, in common sense and reality, everything defendants Yogi did was done in Europe.
Turning to paragraph 1 of subdivision (a) of 302, we must decide whether there is an adequate showing here of a cause of action arising from the transaction by defendants Yogi of any business in this State. On this we can refer to a number of decisions of this court (see Singer v. Walker, 15 N Y 2d 443, supra; Lewin v. Bock Laundry Mach. Co., 16 N Y 2d 1070, and Johnson v. Equitable Life Assur. Soc. of U. S., 16 N Y 2d 1067). The issue boils down to whether the phrase “transacts any business within the state ” covers the situation of a nonresident who never comes into New York State but who sells and sends goods into the State pursuant to an order sent from within the State. We do not have here, as we had in Singer, Lewin and Johnson (supra), a nonresident defendant who has one or more local salesmen in this State or who solicits business in this State by means of catalogue, advertisements or other promotional material circulated here. All we know is that these *32 defendants in Austria made arrangements to sell merchandise f. o. b. to the local distributor. Defendants themselves carried on no sales, promotion or advertising activities in this State. It is alleged in the papers on this dismissal motion, and not denied, that in 1961 out of total sales of about several million dollars the Vogl sales to plaintiff Kramer amounted to about $125,000 or less than 2% of the total, and that in 1962 Yogi’s total sales were about $6,600,000 of which Kramer’s purchases were a little more than 1%. Nowhere does it appear how much of the Yogi leather bought by plaintiff was resold to New York State customers or used in New York.
Despite the comparative liberality with which we have construed the first paragraph of subdivision (a) of 302 we do not think that the facts displayed here show the case within that paragraph. The cause of action here sued upon cannot be said to have arisen out of any transaction of business in the State. We need not now decide whether it would be unconstitutional to provide by statute that this State could exercise jurisdiction over any outsider who ships goods into this State (for a sampling of the oases, see McGee v. International Life Ins. Co., 355 U. S. 220; Howes Co. v. W. P. Milling Co., 277 P. 2d 655 [Okla.]; WSAZ, Inc. v. Lyons, 254 F. 2d 242; Insull v. New York World-Tel. Corp., 273 F. 2d 166; Berlemann v. Superior Distr. Co., 17 Ill. App. 2d 522; Grobark v. Addo Mach. Co., 16 Ill. 2d 426; Beck v. Spindler, 256 Minn. 543; Erlanger Mills v. Cohoes Fibre Mills, 239 F. 2d 502; Putnam v. Triangle Pubs., 245 N. C. 432).
The order appealed from should be affirmed, with costs.
Judges Fulo, Yak Yoobhis, Burke, Sczleppi, Bergak and Keatikg concur.
Order affirmed.