Abraham J. Gellinoff, J.
This is a motion by plaintiff for an order substituting the foreign executors of John M. Otter, a deceased nonresident defendant, for Otter, and for incidental relief.
The motion is opposed on the ground that foreign executors may not be sued in the courts of this State. It is claimed that there are no assets of the deceased’s estate in New York. It is also urged that the controlling contract was executed by Otter in Pennsylvania and that ‘ ‘ there is nothing to indicate that the guaranty provisions were to be performed in New York ”.
In Leighton v. Roper (300 N. Y. 434) it was held that, notwithstanding the principle that a statute subjecting foreign legal representatives generally to suit here is constitutionally invalid, an action against the foreign legal representatives of one who injured the plaintiff while operating an automobile in this State could legally be maintained. The court pointed out that under section 52 of the Vehicle and Traffic Law, then in force, deceased subjected himself and his legal representatives to suit in this State resulting from his driving an automobile in the State.
In the instant case, the suit against Otter is brought upon a guarantee executed by him within the State of New York on March 14, 1963. The fact that a subsequent instrument dated June 11, 1963 which provided that the guarantee “ shall continue ” even though an assignment of the guaranteed contract by Otter’s corporation, John M. Otter Cb., New York, to Otter Distributing Co., Inc., was executed in Pennsylvania, does not alter the fact that the foundation of the suit against Otter is the guarantee he executed in this State.
CPLE, 302 (subd. [a], par. 1) provides that courts of this State ‘may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, as to a cause of action arising from ” the transaction of “any” business within the State. The execution of the guarantee constituted the transac *739 tion of business within the State. It is to be noted that the guaranteed contract was between two New York corporations and that it provided that it was to be construed according to the law of New York. It was guaranteed on the same date, March 14, 1963, by two other Otter corporations and by Otter individually. Otter executed the guarantee on behalf of the two corporations and himself in New York. It is thus clear that the guaranteed contract was also executed in this State. No claim to the contrary is made. In these circumstances, CPLB 302 validly subjects both Otter and his legal representatives to in personam jurisdiction here of a suit upon his guarantee.
Motion granted.