Ben WILLNER and W & S Baking Corp.,
Plaintiffs,

v.

Daniel THOMPSON and Thompson Bagel
Machine Mfg. Corp., Defendants.

No. 68–C–12.

United States District Court
E. D. New York.

May 29, 1968.

Jacob A. Salzman, Brooklyn, N. Y., for plaintiffs.

Aberman, Greene & Locker, New York City, for defendants, Martin C. Greene, New York City, of counsel.

BARTELS, District Judge.

The individual defendant is a domiciliary of California and the corporate defendant is a California corporation with its sole place of business in Los Angeles. Both were served by the plaintiffs in California pursuant to the New York long-arm statute, § 302(a)(1) CPLR,[1] and both now move under

Rule 12(b) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for dismissal of the complaint for lack of *in personam* jurisdiction and also upon the ground of improper venue. The latter branch of the motion must be denied at the threshold. Defendants rely on 28 U.S.C.A. § 1391, requiring a civil action to be brought in the Federal courts only in the judicial district where all the plaintiffs or all the defendants reside. This reliance is misplaced. This is a removed action and its venue is governed by 28 U.S.C.A. § 1441(a), permitting removal to the district court for the district "embracing the place where such action is pending". Section 1391(a) recognizes this exception by the phrase "as otherwise provided by law", as does Section 1391(b) by a similar phrase, and by the additional language that a diversity action "may * * * be *brought* only in the judicial district * * *" (emphasis supplied). This action was not brought in but was removed to the United States District Court. See, Moss v. Atlantic Coast Line R. Co., 157 F.2d 1005 (2 Cir. 1946), cert. denied, 330 U.S. 839, 67 S.Ct. 980, 91 L.Ed. 1286 (1947); 1 Moore, Federal Practice ¶ 0.140[7], at p. 1337 (2d ed. 1964).

Defendants have disclaimed a hearing upon the question of jurisdiction and, for the purpose of this motion, have admitted the jurisdictional facts alleged in plaintiffs' affidavit. This affidavit, however, is skimpily drawn and only by reading it in connection with the complaint to which it refers and in conjunction with the affidavit of the individual defendant who is the president of the corporate defendant, is the Court able to elicit the facts upon which plaintiffs predicate jurisdiction.

Daniel Thompson and Thompson Bagel Machine Mfg. Corp. are owners, operators and patentees of a bagel making machine which they offer to users on a license basis throughout the United States. Plaintiffs claim that in February, 1966 the defendants granted to the plaintiffs the exclusive right to procure licensees and otherwise distribute the said machine in the metropolitan area of Greater New York, for which services the plaintiffs were to receive a percentage of royalties to be paid by the licensee to the licensor. In connection with this agreement it is alleged that the defendants aided and assisted the plaintiffs in endeavoring to procure licensees and in arranging special exhibits and demonstrations in conjunction with the plaintiffs' efforts attended by the defendants' representatives. Plaintiffs state that they obtained a number of licensees who were ready, able and willing to execute licensing agreements for said machine on terms satisfactory to the licensor, but that the defendants, without cause, failed and refused to enter into said licensing agreements with these potential licensees or to ship any machines to be covered by said agreements, all in breach of the agreement. Defendants reply by asserting that their only contact with the plaintiffs was an agreement made in April, 1966 in California with the corporate plaintiff, whereby the corporate defendant leased to the corporate plaintiff two bagel making machines for the baking of bagels in the metropolitan New York City area. They claim that the cause of action set forth in the complaint does not rise from this licensing arrangement and further that the corporate defendant does not engage in any business transactions in New York or maintain in New York any officer, director, managing agent or any person or agent authorized to receive service of process and that accordingly this Court lacks jurisdiction over them. As will later appear, only the corporate defendant's activities are in question and the discussion will be limited to its conduct.

According to plaintiffs' affidavit, one of the machines forwarded by the defendant to the plaintiff-corporation was a demonstration machine installed at the plaintiff's place of business in the Bronx, New York City, which remained in its possession until after the commencement of suit, and that the defendant's chief sales representative assisted plaintiff in procuring persons willing to accept li-

censes by discussions which occurred at various locations in the City of New York. Plaintiff also asserts that the defendant has a third machine located at Nanuet, Rockland County, New York, and that this and plaintiff's machines are serviced by defendant in New York.

Taking the complaint and the plaintiffs' affidavit at their face value, it appears that the defendant has engaged plaintiffs to act in its behalf for the purpose of procuring a market in New York for its bagel making machine and in fact aided in exhibiting, demonstrating and discussing license terms with various prospective licensees. The defendant admits licensing two machines in New York prior to the effective date of plaintiff's agreement, and collecting royalties therefrom. Upon these facts the issue presented is whether the defendant transacts any business within the State from which the present cause of action arises.

■ According to the plaintiffs, the oral contract arose out of the initial leasing of the defendant's bagel making machine to the corporate plaintiff for its own use, which machine was shipped to New York and installed by the defendant's representative. It also appears that the defendant leased another machine to a licensee in Nanuet, New York. The licensing of the bagel making machine to plaintiff, however, was simply the occasion for the oral agreement between the parties and these prior leasing transactions would seem to be irrelevant in connection with the present cause of action. Therefore these activities cannot be a predicate for jurisdiction under Section 302, CPLR, for this complaint because the breach of the oral agreement does not arise out of the prior licensing of the two bagel making machines. In this connection it must be noted that the mere shipment of machines into New York does not amount to activity sufficient to constitute the transaction of business for jurisdictional purposes (Kramer v. Vogl, 17 N.Y.2d 27, 267 N.Y.S.2d 900, 215 N.E.2d 159 (1966)).

In a recent case of McKee Elec. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 283 N.Y.S.2d 34, 229 N.E.2d 604 (1967), the Court of Appeals in a 4–3 decision held that a foreign manufacturer's contacts with his distributor located in New York were too insubstantial to constitute the transacting of business.

■ But the present case involves more than the mere shipment of machines into the State and is stronger than *McKee*. The difference lies between the legal relationship of a manufacturer to an independent contractor and of a manufacturer to an agent. See, Schneider v. J. & C. Carpet Co., 23 A.D. 2d 103, 258 N.Y.S.2d 717 (1st Dept. 1965); cf., Millner Co. v. Noudar, LDA, 24 A.D.2d 326, 266 N.Y.S.2d 289 (1st Dept. 1966). In *McKee* the equipment was sold to a New York distributor (an independent contractor) f. o. b. Chicago. The manufacturer's agent visited New York only for the purpose of eliminating friction between the distributor and a single customer. The manufacturer owned no property within the State. In this case the defendant retained ownership of the demonstration machine located in New York and the plaintiffs acted as representatives or agents of the defendant in attempting to procure a market in New York for its machines. In this endeavor plaintiffs were aided by the defendant's representative who assisted plaintiffs in procuring prospective licensees by his visits to New York for conferences and sales meetings. While the corporate activities of the defendant were minimal, they were sufficient to establish that defendant availed itself of the privilege of conducting transactions in the State of New York and invoked the benefit and protection of its laws in connection with its activities. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); see, Longines-Wittnauer v. Barnes & Reinecke, 15 N.Y. 2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965). The Court concludes therefore that the cause of action arose out of the defendant's transaction of business in New York and that accordingly it has

personal jurisdiction over this defendant pursuant to service under Section 302, CPLR.

A different question is presented concerning the individual defendant. Plaintiffs admit that this defendant conducted no business in New York in his own right and they made no showing that the activities of the corporation may be attributed to him as the corporation's alter ego. Plaintiffs do not allege that the corporate entity is a mere façade or sham to protect the individual defendant. Since the corporate defendant is not the agent of the individual defendant, its acts cannot possibly be attributed to him. It follows that the individual defendant did not transact any business in New York and could not be validly served in California pursuant to Section 302, CPLR.

Motion denied as to the corporate defendant and granted as to the individual defendant; so ordered.