GREEN AND WHITE CONSTRUCTION
COMPANY, Plaintiff,

v.

COLUMBUS ASPHALT CORP.,
Defendant.

No. 68 Civ. 1657.

United States District Court
S. D. New York.

June 27, 1968.

John P. Garrigan, New York City, for plaintiff.

Edward E. Rigney, Alexander & Green, New York City, for defendant.

MEMORANDUM

MOTLEY, District Judge.

Defendant moves to dismiss the complaint for lack of personal jurisdiction over the defendant and failure to choose proper venue. The motion is granted on the ground that the court lacks jurisdiction over the person of defendant.

The complaint, invoking the diversity jurisdiction of the court, makes out four causes of action arising out of defendant's alleged failure to perform in accordance with a paving contract. Plaintiff is a Delaware corporation allegedly doing business in New York. Defendant is an Indiana corporation and neither does business here nor is licensed to do business here. Service on defendant was in its resident state of Indiana in conformity, says plaintiff, with New York's "long arm" statute. New York Civil Practice Law and Rules (CPLR) §§ 302 and 313. The first section permits the New York courts to exercise personal jurisdiction over any nondomiciliary as to any cause of action arising from any of the acts enumerated in the section if in person or through an agent the nondomiciliary transacts any business within this state. The latter section permits service upon such nondomiciliary outside New York in the same manner as service is made upon one within the state. Rule 4(e) of the Federal Rules of Civil Procedure permits such service in accordance with the cited New York statute.

Taking the allegations of the complaint as true, for the purposes of this motion, the contract between plaintiff and defendant was to be performed in Indianapolis, Indiana. Defendant agreed to supply the work, labor and materials necessary to prepare, construct and complete the paving requirements. The causes of action are grounded upon defendant's alleged failure to provide the proper materials. That this failure occurred in Indiana is not contested. Preliminary arrangements, according to one of plaintiff's affidavits, were made in Indiana where defendant executed

280

and negotiated the contract. Defendant never had or maintained any office, bank account, or telephone listing; never owned any property, real or personal, or equipment or books, records or papers, in the State of New York; never appointed any persons, servants, or agents to do or perform any services in the State of New York; and never had any servants, persons or agents in the State of New York at any time.

Plaintiff's affidavit, opposing the motion, alleges the contract was signed and executed by plaintiff in New York City. Plaintiff regards this fact as crucial and claims " * * * the contract did not come into being until executed in the State of New York and so the entire contract is subject to interpretation and litigation in this jurisdiction."

The New York "long arm" statute, CPLR §§ 302, 313, cannot be used to justify plaintiff's overreaching. The statute extends to the nonresident defendant who has a local salesman in the state or who solicits business in the state by circulation of promotional matters, Singer v. Walker, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965); Lewin v. Bock Laundry Mach. Co., 16 N.Y.2d 1070, 266 N.Y.S.2d 391, 213 N.E. 2d 686 (1965), see Kramer v. Vogl, 17 N.Y.2d 27, 31, 267 N.Y.S.2d 900, 215 N. E.2d 159 (1966), but falls short of reaching the nonresident who never comes into the state but who may contract pursuant to an order sent from within the state. Kramer v. Vogl, supra, p. 31, 267 N.Y.S.2d 900, 215 N.E.2d 159. It cannot be held that this defendant transacted any business within the state when it sent no goods to the state, performed no services within the state and owns no property within the state. Kramer v. Vogl, supra; Standard Wine & Liquor Co. v. Bombay Spirits Co., 20 N.Y.2d 13, 281 N.Y.S.2d 299, 228 N.E.2d 367 (1967). Clearly, the fact that plaintiff may have signed the contract in New York is not determinative. Standard Wine & Liquor Co. v. Bombay Spirits Co., supra. Therefore, the conclusion is inescapable that the New York courts would not sustain jurisdiction in these premises.

The complaint, therefore, is dismissed for failure to obtain jurisdiction over the person of the defendant.