**IMPEX METALS CORP., Plaintiff,**

v.

**OREMET CHEMICAL CORPORATION, Defendant.**

**No. 71–Civ. 1872.**

United States District Court,
S. D. New York.

Oct. 28, 1971.

Murray A. Gordon, P. C., New York City, for plaintiff; by Joseph Rosenzweig, New York City, of counsel.

Byron Golden, New York City, for defendant; by Emanuel Thebner, New York City, of counsel.

## MEMORANDUM

CROAKE, District Judge.

This is an action brought by the seller of aluminum rods against the buyer, on three causes of action: one on a contract of sale, one on a theory of goods sold

and delivered, and one on a sight draft in connection therewith. The amount in dispute is alleged to be $29,360.52.

The action was originally brought in the New York State Supreme Court, New York County; defendant, a New Jersey corporation with no New York office, at least at the time of the execution of the contract in suit, removed it to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446, and has now moved for dismissal for lack of personal jurisdiction, pursuant to 28 U.S.C. §§ 1447 and 1448, and Rule 12(b), Fed.R. Civ.P. The complaint has not as yet been answered, nor has any discovery taken place; any statement of facts in this opinion is therefore to be considered tentative, based as it is merely upon the factual averments in the petition for removal and in the affidavit in opposition to this motion.

The first cause of action is based upon a contract, allegedly entered into in October of 1969, after certain negotiations between officers of the parties had taken place at plaintiff's New York offices. The extent or scope of the negotiations is not apparent on this record. The nature of the contract is similarly unclear; it may have been an oral contract, later confirmed in writing for Statute of Frauds purposes, or it may have been arrived at by written acceptance of an oral offer.

This uncertainty in turn precludes determination of the actual site of execution of the contract. If it was oral, then the meeting of the minds may well have taken place in plaintiff's office in New York, where negotiations were carried out. But if the most that occurred in these negotiations was an offer by plaintiff, later accepted by letter from New Jersey, then the contract may be found to have been executed in New Jersey. *See* A. Millner Co. v. Noudar, Lda., 24 App. Div.2d 326, 266 N.Y.S.2d 289, 293 (1st Dept. 1966) ("Millner").

The second cause of action is for goods sold and delivered; specifically, certain rods which plaintiff was to cause to be manufactured in Yugoslavia and shipped to California for acceptance there by defendant. No performance in New York by either party was anticipated or effected.

The third cause of action is based upon a commercial draft, drawn on defendant's New York bank. However, inasmuch as no negotiation, assignment, or other transfer of the draft has taken place, all personal and real defenses available against the other two causes of action based upon the underlying agreement are available here as well. N.Y.U. C.C. § 3-306 (McKinney's 1964).

In situations such as the present, where an action has been removed from the state to the federal district court, the district court's jurisdiction over the person of the defendant necessarily depends upon the sufficiency of the original service of process. If the original service was defective for any reason, including lack of subject matter jurisdiction in the state court, the action must be dismissed in the district court. This is the case notwithstanding the fact that, subsequent to the dismissal, original service would be upheld under the diversity jurisdiction of the district court, should the defendant be found within the jurisdiction. 28 U.S.C. § 1448, Wilson v. Kansas City Southern Ry., 101 F.Supp. 56, 59-60 (W.D.Mo.1951), and cases therein cited.

The present motion to dismiss therefore raises the issue of whether the state court from which this action was removed possessed jurisdiction sufficient to authorize the service of process on defendant in New Jersey. The relevant statute is New York's "long arm" statute, N.Y.C.P.L.R. § 302 (McKinney's 1963), which provides in relevant part as follows:

§ 302. *Personal jurisdiction by acts of nondomiciliaries*

(a) *Acts which are the basis of jurisdiction.* As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or admin-

istrator, who in person or through an agent:

    1. transacts any business within the state; * * *.

The initial question presented is whether this defendant has transacted any business within New York State. If such is proven to be the case, the next question would be whether the causes of action or any of them arose from the in-state transaction.

██ A review of the cases discloses that certain rules have been established to guide the evaluation of the facts in each case: Mere execution of a contract in New York, without more, is insufficient to constitute transaction of business as is mere negotiation; negotiation or execution plus other contacts, however, may suffice. Longines-Wittnauer Watch Co. v. Barnes and Reinecke, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965), cert. denied sub nom., Estwing v. Singer, 382 U.S. 905, 86 S.Ct. 241, 15 L.Ed. 2158 (1965). Merely shipping goods to a New York purchaser is likewise insufficient, without more, Kramer v. Vogl, 17 N.Y.2d 27, 267 N.Y.S.2d 900, 215 N.E.2d 159 (1966). Such is the case even when the buyer later returns some of the goods to the New York plaintiff. M. Katz & Son Billiard Products, Inc. v. G. Correale & Sons, Inc., 20 N.Y.2d 903, 285 N.Y.S.2d 871, 232 N.E.2d 864 (1967).

██ Nor is mere presence in this state sufficient to constitute a transaction, McKee Electric Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 382, 283 N.Y. S.2d 34, 37, 229 N.E.2d 604. The crucial element appears to be the purpose with which the defendant acted—whether or not he intended to avail himself of the privilege of transacting his affairs in this state, thereby invoking the protection of its laws. Parke-Bernet Galleries, Inc. v. Franklyn, 26 N.Y.2d 13, 18, 308 N.Y.S.2d 337, 341, 256 N.E.2d 506 (1970).

██ As to the first cause of action, the Court is of the opinion that the defendant has not carried its burden of justifying dismissal. It is impossible on this record to evaluate most of the factors which the New York state courts have found determinative on the jurisdictional issue: no evidence has been proffered relevant to the extent or purpose of any visits by defendant's personnel to New York in connection with the contract in suit. And the actual place of execution of that contract is at present undeterminable. The motion to dismiss will therefore be denied as to this cause of action.

██ As to the second cause of action, it would appear from the complaint that the goods were manufactured in Yugoslavia for delivery in California and, consequently, that New York was insufficiently involved. However, this cause of action is intimately related to the first, and not easily separable from it; the same averments are realleged in the complaint with respect to this cause of action as were with respect to the first. 28 U.S.C. § 1441(c). Therefore, the same factual insufficiencies in the record mandate denial of the motion in so far as it seeks dismissal of this cause of action.

With respect to the third cause of action, on a draft drawn on a New York bank, the deposit of funds in New York may prove to be a transaction of business out of which this action arose, and upon which jurisdiction may be predicated. Were the bank a defendant, the issue might be more susceptible of resolution; the bank's obligation to pay might possibly be analogized to the obligation of an insurance company to defend its insured. See Seider v. Roth, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966); see also Simpson v. Loehmann, 21 N.Y.2d 305, 287 N.Y.S.2d 633, 234 N.E.2d 669 (1968), motion for reargument denied, 21 N.Y.2d 990, 290 N.Y.S.2d 914, 238 N.E.2d 319 (1968); Podolsky v. Devinney, 281 F.Supp. 488 (S.D.N.Y., Croake, J., 1968); Minichiello v. Rosenberg, 410 F.2d 106 (2d Cir. en banc 1968), cert. denied, 396 U.S. 844, 90 S.Ct. 69, 24 L. Ed.2d 94 (1969), reh. denied, 396 U.S. 949, 90 S.Ct. 370, 24 L.Ed.2d 254 (1969).

■ However, the factual presentation with reference to this cause of action, as with the others, is inadequate for final resolution of defendant's motion. The nature and extent of defendant's banking activities have not been developed. It could turn out that the New York situs of the payee bank was in some way fortuitous, or an accommodation to plaintiff.

Accordingly, the motion to dismiss is denied. As an attack on this Court's jurisdiction, it was timely, and may be renewed at any time. Nevertheless, the record as it now stands is totally inadequate for any final disposition. *See Millner, supra,* 266 N.Y.S.2d at 295; Johnson v. Equitable Life Assur. Soc'y, 16 N.Y.2d 1067, 266 N.Y.S.2d 138, 213 N.E.2d 466 (1965) [involving C.P.L.R. § 302(a) (2)]; Noble v. Singapore Resort Hotel of Miami Beach, 21 N.Y.2d 1006, 290 N.Y.S.2d 926, 238 N.E.2d 328 (1968) ["doing business" under C.P.L.R. § 301].

So ordered.