**A. I. L., A DIVISION OF CUTLER–HAMMER, INC., Plaintiff,**

v.

**SYMETRICS INDUSTRIES, INC., Defendant.**

**No. 72 C 1437.**

United States District Court,
E. D. New York.

May 23, 1973.

Gold, Farrell & Marks, New York City, for plaintiff; Thomas R. Farrell, New York City, David V. Anthony, William H. Butterfield, Washington, D. C., of counsel.

Emile Z. Berman, A. Harold Frost, New York City, for defendant; Michael N. Block, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The defendant moves this Court, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the action for lack of jurisdiction over the person of the defendant.

The plaintiff claims personal jurisdiction of the defendant, pursuant to Section 302 CPLR(a)(1), the so-called New York Long Arm Statute, which sanctions such jurisdiction in a case where a non-domiciliary "who in person or through an agent transacts any business within the state [of New York]."

The plaintiff, a Delaware corporation, having its principal place of business at Melville, Long Island, New York, instituted this action against the defendant, a Florida corporation, having its principal place of business at Satellite Beach, Florida, to recover damages for breach of contract, which provided for the manufacture and delivery by the plaintiff to the defendant of electronic systems.

On November 2, 1972, the summons and complaint were served upon the defendant in Florida.

### FACTS, NOT IN DISPUTE

The defendant has no office, no telephone listing, no salesmen, no bank account, no transfer agent nor any employee in the State of New York.

On or about April 16, 1969, the defendant, in Florida, mailed a request to the plaintiff, in New York, for a quotation on certain electronic systems.

By letter, dated May 19, 1969, the plaintiff responded thereto.

The defendant requested the plaintiff to send representatives to Florida to finalize negotiations for a contract.

On August 1, 1969, two of the plaintiff's representatives attended at the defendant's place of business in Florida.

On August 5, 1969, the defendant wrote the plaintiff, requesting it to proceed with work on the contract.

On August 20, 1969, the contract, termed purchase order No. SC 3163–754, was signed by the defendant, in Florida, and mailed to the plaintiff in New York.

In September 1969, further negotiations were had in Florida.

On September 10, 1969, the plaintiff forwarded an acknowledgment copy of the contract to the defendant in Florida.

All of the negotiations culminating in the contract, were had in Florida. All of the communications from the defendant to the plaintiff emanated in Florida.

Section 23 of the contract, the purchase order, provides:

"Applicable Laws—this purchase order shall be governed by, subject and construed according to the laws of the State of Florida."

## THE PLAINTIFF'S CLAIMS FOR PERSONAL JURISDICTION OF THE DEFENDANT ARE ALLEGED IN PARAGRAPHS 7 AND 12 OF THE COMPLAINT

The said paragraph 7 sets forth, viz:

"Paragraph IV of the contract schedule titled 'Delivery' provided that delivery would be F.O.B. Emery Air Freight, Melville, New York."

In reply thereto, the defendant quotes paragraph 9 of the complaint, in part, viz:

"Paragraph VI of the contract schedule provided:

"Final acceptance will be at the buyer's place of business, Satellite Beach, Florida, thirty (30) days after delivery."

The said paragraph 12 of the complaint sets forth, viz:

"On January 22, 1970, plaintiff successfully completed testing in its plant (at Melville, N.Y.) on the first system in accordance with the acceptance test procedures approved by defendant. Said acceptance testing was witnessed by defendant's representative who signed the test data."

The defendant waived the witnessing of acceptance testing on System No. 2. (See paragraph 13 of the complaint).

It should be noted that the test on the first system occurred a number of months subsequent to the signing of the contract.

The visit of the defendant's representatives to the plaintiff's plant were not made, pursuant to the contract.

Defendant's president, Warren H. Starling, in his affidavit, sworn to May 2, 1973, states that the visits of its employees to the plaintiff's plant "were occasioned not by normal contractual performance but by defects in the A.I.L. product."

## THE AUTHORITIES SUPPORT THE DEFENDANT'S CLAIM OF LACK OF PERSONAL JURISDICTION OVER THE DEFENDANT, I. E. WHETHER DEFENDANT TRANSACTED ANY BUSINESS WITHIN THIS STATE

In Arrowsmith v. United Press International, 320 F.2d 219, 2 Cir., it was held that the New York Civil Practice Law and Rules (CPLR) control.

The plaintiff, in its assertion of jurisdiction has the burden of proof. Tanzymore v. Bethlehem Steel Corp., 457 F.2d 1320, 3 Cir.

In Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc., 15 N.Y.S.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68, the Court stated:

" * * It is a mistake to assume that this trend [progress in communications and transportation] heralds the eventual demise of all restrictions on the personal jurisdiction of state courts * * it is essential in each

case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

In McKee Electric Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 383, 283 N.Y.S.2d 34, 38, 229 N.E.2d 604, 607, the Court stated:

"In our enthusiasm to implement the reach of the long-arm statute (CPLR 302), we should not forget that defendants, as a rule, should be subject to suit where they are normally found, that is, at their pre-eminent headquarters, or where they conduct substantial general business activities. Only in a rare case should they be compelled to answer a suit in a jurisdiction with which they have the barest of contact (e. g., McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223)".

The visits of a few representatives of the defendant to Melville, N.Y., long after the execution of the contract, for witnessing tests were in no way a substantial contact in New York. See also Impex Metals Corp. v. Oremet Chemical Corp., 333 F.Supp. 771 (S.D. N.Y.) and Compania De Inversiones Internacionales v. Industrial Mortgage Bank of Finland, 269 N.Y. 22, 198 N.E. 617.

Further, alluding to the aforementioned F.O.B. clause in the contract, it seems appropriate to quote an additional provision therein:

"Unless otherwise provided, the responsibility for and risk of loss or damage to goods delivered by seller hereunder shall be upon the seller until final acceptance by the buyer."

The Court concluded that the defendant did not transact any business within this State and that it lacks jurisdiction over the defendant.

Upon due deliberation, it is ordered that the complaint be and it is hereby dismissed.