**GOTHAM LIFE, INC., Plaintiff,**

**v.**

**Robert L. RAMEY, Defendant.**

**Civ. A. No. 485–71.**

United States District Court, District of Columbia.

May 31, 1973.

Hugh L. Reilly, Bethesda, Md., for plaintiff.

Richard A. Micheel, Washington, D. C., for defendant.

### MEMORANDUM

AUBREY E. ROBINSON, Jr., District Judge.

This is an action to enforce a New York judgment,[1] presently before the Court on Plaintiff's Motion for Summary Judgment. A valid New York judgment is entitled to full faith and credit under the Constitution.[2] The only issue before this Court, therefore, is whether under New York law,[3] the New York Court had jurisdiction over this defendant when it entered judgment against him.

The jurisdiction asserted in the New York action was based on § 302(a)(1) of the New York Civil Practice Law and Rules, the New York "long-arm" statute.[4] It is contended that Defendant had "transacted business" in New York sufficient to come within the purview of this jurisdictional provision. The cause of action sued upon in New York arose from Defendant's personal endorsement as surety on a series of promissory notes issued by a corporation of which he was a principal official in purchasing a New York publication. There is no dispute that the purchase contract and surety endorsement were executed in New York, nor that the notes were payable at Alexandria, Virginia. Defendant does not contest that he was properly served with summons and complaint in the New York action. He argues only that under New York law the Court there did not have jurisdiction over him. In this situation the burden of proving lack of jurisdiction "rests heavily on the assailant."[5]

The New York courts have held that their statute was *not* intended to extend jurisdiction as far as constitutionally permissible,[6] and that execution of a contract in New York is not *per se* an adequate basis for long-arm jurisdiction under their statute.[7] The New York Court of Appeals has not yet definitively drawn the line at which mini-

1. Judgment Roll, Index No. 6799/1967, Gotham Life Inc. v. Tatler Magazines of New York, Inc., and Robert L. Ramey, July 18, 1967, Supreme Court, New York County.

2. United States Constitution, Art. 4, § 1.

3. See Pardo v. Wilson Line of Washington, Inc., 134 U.S.App.D.C. 249, 414 F.2d 1145, 1148 (1969); Franklin National Bank v. Krakow, 295 F.Supp. 910, 916–917 (D.D.C.1969).

4. New York C.P.L.R. § 302(a)(1), (McKinney, 1972). *Compare* 13 D.C.Code § 423, especially § 423(a).(6).

5. Williams v. North Carolina, 325 U.S. 226, 233–234, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945), Pardo v. Wilson Line of Washington, Inc., 134 U.S.App.D.C. 249, 414 F.2d 1145, 1148 (1969).

6. Kramer v. Vogl, 17 N.Y.2d 27, 32, 267 N.Y.S.2d 900, 904, 215 N.E.2d 159 (1966), Liquid Carriers Corp. v. American Mar. Corp., 375 F.2d 951 (2d Cir. 1967). A. Millner Company v. Noudar, LDA., 24 A.D.2d 326, 329, 266 N.Y.S.2d 289, 292 (App.Div., 1st Dept. 1966).

7. McKee Electric Co. v. Reuland-Borg. Corp., 20 N.Y.2d 377, 283 N.Y.S.2d 34, 229 N.E.2d 604 (1967), Longines Wittnauer Watch Co. v. Barnes & Reinecke, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E. 2d 68 (1965); cf. Impex Metals Corp. v. Oremet Chemical Corp., 333 F.Supp. 771 (S.D.N.Y.1971).

mal contacts with that state become acts by which a party purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.[8] Yet it is clear that this is the standard which must be applied to the facts of each case.[9]

Applying that standard, the Court concludes that New York did have jurisdiction to enter the challenged judgment. The surety endorsement entered by Defendant was not a transitory act unrelated to the interests of New York state. It was a purposeful availing of business opportunity in New York in connection with the purchase of a New York publication. It is thus not merely the act of endorsement, but that act in the context of surrounding circumstances which indicates that Defendant had established at least minimum contacts and invoked the benefits and protections of New York laws. Defendant "engaged in some purposeful activity (in New York) . . . in connection with the matter in suit."[10] Pacer International Corp. v. Otter Distributing Co., 51 Misc. 2d 737, 273 N.Y.S.2d 829 (Supreme Court, New York County, 1966) is an express holding that "the execution of (a) guaranty constitute(s) the transaction of business within (New York) State" 51 Misc.2d 737, 738, 273 N.Y.S. 2d 829, 830. In the factual context of the present case, this Court finds that *Pacer International* properly reflects the law of the State of New York. Accordingly, the New York judgment here sued upon is valid and must be enforced.[11]

---

8. McKee Electric Co. v. Rauland-Borg. Corp., 20 N.Y.2d 377, 382, 283 N.Y.S.2d 34, 37–78, 229 N,E.2d 604 (1967) quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Compare Kramer v. Vogl, 17 N.Y.2d 27, 267 N.Y.S.2d 900, 215 N.E.2d 159 (1966) and Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965) with McKee. See also Burke, J. dissenting in McKee, with Keating, J. and Fuld, C. J.

9. See generally Annotation, Jurisdiction Over Nonresidents, (§ 17) 27 A.L.R.3d 397, 466.

10. Parke-Bernet Galleries, Inc. v. Franklin, 26 N.Y.2d 13, 16, 308 N.Y.S.2d 337, 339, 256 N.E.2d 506, 507, (1970); cf. Ferrante Equipment Co. v. Lasker-Goldman Corp., 26 N.Y.2d 280, 284, 309 N. Y.S.2d 913, 916, 258 N.E.2d 202 (1970).

11. Cf. Lewis and Eugenia Van Wezel Foundation, Inc. v. Guerdon Ind., Inc., 450 F.2d 1264 (2d Cir. 1971).