■ SHERYL PARKER, Respondent, v ABRAHAM H. GREEN et al., Defendants, and HERMAN AGISIM, Appellant.—In an action to recover damages for personal injuries, defendant Agisim appeals from an order of the Supreme Court, Kings County, dated February 18, 1977, which denied his motion to dismiss the action as against him for lack of personal jurisdiction. Action remitted to Special Term for a prompt hearing as to the exact nature and quality of the mail and telephone contacts defendant Agisim undertakes in his sales of the electrologist needles in New York, and appeal held in abeyance in the interim. Special Term shall file its report with all convenient speed. Plaintiff-respondent alleges, *inter alia,* that the electrologist needle defendant-appellant Agisim, a New Jersey resident, sold to defendants Green was not suitable or fit for its intended use. As a result, plaintiff sustained injuries. Defendant Agisim, who was served with process in New Jersey, moved to dismiss the action as against him for lack of jurisdiction. In his affidavit he stated that he has no office, bank account or telephone listing in New York. He does not own or lease property in New York. Moreover, he has no agents or employees in New York. In addition, the income he received from the sale of needles was no more than 7%, in 1974 and 1975, of his entire income, which is derived almost entirely from the practice of electrolysis in New Jersey. He emphasized that he does not "negotiate nor contract for these needle sales within the State of New York. The sales are done purely on a mail order or telephone basis and deliveries are made by mail." He maintains, in effect, that none of the jurisdictional requisites under CPLR 301 and 302 are satisfied by these contacts. In fact, he argues that, under the decisional law of this State, the "mere shipment" of goods into New York, without additional purposeful activity, such as one or more local salesmen in this State or the circulation of promotional material here, is insufficient to sustain jurisdiction (see *Kramer v Vogl,* 17 NY2d 27). A hearing is required to adduce facts relating to the precise nature of the "mail order or telephone basis" of the sales. Plaintiff may be able to elicit facts that bring defendant Agisim's circumstances somewhat closer to *Singer v Walker* (15 NY2d 443) than to *Kramer v Vogl (supra).* We note, for example, that defendant Agisim does not affirm that he does no advertising or soliciting of the New York orders through the mail or by telephone. Gulotta, P. J., Latham, Damiani and O'Connor, JJ., concur.