OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
In this action brought pursuant to the Telephone Consumer Protection Act of 1991 (TCPA) (47 USC § 227), plaintiff alleged in a verified complaint that defendants had made at least 30 telephone calls using an artificial or prerecorded voice delivering a message that advertised the commercial availability or quality of property, goods or services of Green Bullion Financial Services, LLC (Green Bullion), in violation of 47 USC § 227 (b) (1) (B) and 47 CFR 64.1200 (a) (2). The complaint further alleged that Green Bullion is, and at all relevant times was, a limited liability corporation existing under the laws of Florida. Defendants Jeff Aronson and Howard Mofshin are, and at all relevant times were, the chief executive officer and president, respectively, of Green Bullion.
By a pre-answer motion, defendants sought dismissal of the complaint pursuant to CPLR 3211 (a) (8), alleging that they were beyond the reach of the Civil Court’s long-arm jurisdiction. Plaintiff opposed the motion. By order entered March 26, 2010, the Civil Court granted the motion to dismiss.
Section 404 of the New York City Civil Court Act, the Civil Court’s long-arm statute, is patterned on CPLR 302 (a) (see Siegel, 2007 Supp Practice Commentaries, McKinney’s Cons Laws of NY, CCA 404). Under section 404 (a) (2), the Civil Court
“may exercise personal jurisdiction over any nonresident of the city of New York ... in the same manner as if he were a domiciliary of the state and a resident of the city of New York [only] if, in person or through an agent, he . . . commits a tortious act within the city of New York.”
Section 302 (a) (2), the analogous provision in the CPLR, has been construed as providing long-arm jurisdiction only when the tortious act occurs within the state and the defendant is *55 present in the state at the time the tortious act is committed (see Kramer v Vogl, 17 NY2d 27 [1966]; Pramer S.C.A. v Abaplus Intl. Corp., 76 AD3d 89 [2010]). We note that, unlike CPLR 302 (a) (3), which provides for long-arm jurisdiction when a tort is committed outside the state causing injury within the state, the CCA does not contain a provision permitting the exercise of jurisdiction in Civil Court based on a tortious act committed outside the city, even when the conduct causes injury within the city.
In this case, the proscribed conduct is set forth in the applicable section of the TCPA, which provides that “[i]t shall be unlawful for any person ... to initiate any telephone call to any residential telephone line . . . .” (47 USC § 227 [b] [1] [B].) It is undisputed that the alleged telemarketing calls were made by defendants in Florida. While plaintiff cites a case from another jurisdiction which found that an out-of-state phone call constituted a tortious act for jurisdictional purposes (Brentwood Travel, Inc. v Lancer, Ltd., 2001 TCPA Rep 1018 [Mo Cir Ct 2001]), in New York telephone calls originating outside the state may not constitute tortious acts “commit[ted] within the state” under CPLR 302 (a) (2) (see DirecTV Latin Am., LLC v Park 610, LLC, 691 F Supp 2d 405, 425 [SD NY 2010]; Ahava Food Corp. v Donnelly, 2002 WL 31757449, 2002 US Dist LEXIS 23731 [SD NY 2002]; Heinfling v Colapinto, 946 F Supp 260, 264 [SD NY 1996] [citing cases]). Thus, plaintiff failed to make a prima facie showing that personal jurisdiction exists over defendants in this Civil Court action (see Cushley v Wealth Masters Intl., 29 Misc 3d 144[A], 2010 NY Slip Op 52221[U] [App Term, 2d, 11th & 13th Jud Dists 2010]).
Contrary to plaintiffs contentions, by declining to exercise its jurisdiction, the Civil Court does not deprive the state’s citizens of the TCPA’s protections but acts in accordance with the TCPA, which expressly limits the availability of a private right of action “if otherwise permitted by the laws or rules of court of a State” (47 USC § 227 [b] [3]). Accordingly, the Civil Court properly found that it lacked personal jurisdiction over defendants. We note, however, that long-arm jurisdiction may be obtained over defendants in a Supreme Court action pursuant to CPLR 302 (a) (3).
Pesce, PJ., Weston and Steinhardt, JJ., concur.