Samuel M. G-old, J.
Motions Nos. 137, 138 and 139 are consolidated.
This is an action for fraud and breach of warranty arising out of the purchase by plaintiff of a mare at an auction sale held in Saratoga, New York. The defendants are the sellers, the auctioneer, and the veterinarian, who allegedly falsely certified as to the nature of the pregnant condition of the mare.
The veterinarian and his firm move to dismiss the complaint as well as the cross claims asserted against them by the auctioneer on the ground that the court does not have personal jurisdiction over them. Service was made in Kentucky, where they are domiciled. Such service could not confer personal jurisdiction over them unless they were subject to the jurisdiction of the courts of this State under CPLR 301 or 302.
Movants do not have an office or place of business in New York. They are not doing or transacting any business in this State. The only subdivisions of our long-arm statute under which personal jurisdiction over them can possibly be invoked are CPLR 302 (subd. [a], par. 2) or CPLR 302 (subd. [a], par. 3, subpar. [ii]).
CPLR 302 (subd. [a], par. 2) provides for personal jurisdiction over any nondomiciliary who in person or through an agent “ commits a tortious act within the state ”.
The examination of the horse and the certificate were both made in Kentucky for the prior owner. It was he who delivered it to the auctioneer at Saratoga. By no means can he be deemed the agent of the veterinarian for the purpose of delivering the allegedly false certificate in this State. He was the principal in the transaction and retained the services of the veterinarian, not the other way around.
Plaintiff and the auctioneer urge that they may establish that the veterinarian made and delivered this allegedly false certificate to the then owner with the knowledge that it would be used at the Saratoga auction sale and with the intention of inducing purchasers at that sale to bid for the horse at prices beyond its value. They argue that the veterinarian’s fraudu *84 lent representation considered under those circumstances as intended to take and taking effect in New York should be deemed to be a tortious act committed within this State.
While that may be a logically attractive line of reasoning, it does not conform with the authoritative interpretation of CPLR 302 (subd. [a], par. 2). In Feathers v. McLucas (15 N Y 2d 443, 459-460), it was pointed out: ‘‘ However, the question presented is not * * * whether the Legislature could constitutionally have enacted legislation expanding the jurisdiction of our courts * * * but whether the Legislature did, in fact, do so.” The court held that under this subdivision (a) tortious act must be considered as having been committed only in that State where the defendant actually performs the act. In Kramer v. Vogl (17 NY 2d 27), defendants in Austria allegedly made false representations in letters sent to plaintiff in New York to induce him to become their exclusive agent here and to purchase their goods and to promote their sale to plaintiff’s customers in this country. The court said (p. 31): “ A difficulty is, however, that in Feathers v. McLucas and Singer v. Walker (15 N Y 2d 443) we have given restrictive meaning to the requirement that there be a showing of a tortious act committed in this State * * *. The plain meaning of the Feathers and Singer decisions (supra) is that jurisdiction under 302 (subd. [a], par. 2) requires that a defendant’s act of omission occur within the State. Here, in common sense and reality, everything defendants Yogi did was done in Europe.”
The facts of this case are no more persuasive than those in Kramer v. Vogl (supra). Personal jurisdiction under CPLR 302 (subd. [a], par. 2) must similarly be denied.
The only remaining possibility for personal jurisdiction on the basis of service outside the State is the added provision (L. 1966, ch. 590) to close somewhat the gap revealed by Feathers and Singer, CPLR 302 (subd. [a], par. 3), which in pertinent part reads :
“ commits a tortious act without the state causing injury to person or property within the state * * * if he
“ (i) * * *, or
“ (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce ”.
Assuming that the veterinarian had expected his act to have consequences in New York, plaintiff or the auctioneer must show that the veterinarian and his firm derive ‘1 substantial revenue from interstate or international commerce.” Movants have *85 supplied the precise figures of their gross income, showing that less than 1% of their gross income of $519,629.57, $558,357, and $633,070.80 in each of the last three years was received for all veterinary services rendered by the firm outside of Kentucky. These figures have not been contradicted or impeached in any manner. There is nothing in the opposing papers tending to dispute the authenticity of these figures.
The burden of proving jurisdiction is upon the party asserting it. The proof before the court is insufficient to support jurisdiction on any ground.
The motions to dismiss for lack of jurisdiction are accordingly granted.