Arnold Gr. Fraiman,, J.
This is a motion by defendants, Threshold Technology Incorporated, Thomas B. Martin and Marvin B. Herscher for an order dismissing the complaint as to them on the grounds that the court lacks jurisdiction of the subject matter of the action and of their persons. The court will concern itself solely with the question of its jurisdiction over the persons of the defendants inasmuch as no basis is urged for its lack of jurisdiction over the subject matter of the action.
The corporate defendant is a Delaware corporation with its sole office in New Jersey. The individual defendants, officers and directors of the corporation, are residents of New Jersey. The action was commenced against the corporation by service of the summons and complaint on its registered agent in Delaware. The individual defendants were served in New Jersey. The complaint contains four causes of action. The first cause of action is for conversion. It alleges that the defendants requested plaintiff to deliver to the corporation a stock certificate belonging to plaintiff representing shares of stock in the corporation owned by him for the purpose of having a new certificate issued. Plaintiff alleges that in compliance with such request he mailed his certificate to the corporation but the defendants have refused to issue him a new certificate or to return his old certificate to him. The second cause of action is based upon the same facts but is premised upon fraud. The third and fourth causes of action are for legal services allegedly rendered to the corporation by the plaintiff, an attorney, for which he claims he has not been paid.
In his affidavit in opposition to the instant motion, plaintiff premises the jurisdiction of the court over the first two causes of action upon the undisputed allegation that the request that he return his stock certificate was contained in a letter mailed to him from New Jersey and received by him at his New York office. Jurisdiction for the third and fourth causes of action is *612 premised upon plaintiff’s contention that the legal services he rendered for defendants were performed in New York.
CPLR 302 (subd. [a], pur. 2), the long-arm statute upon which plaintiff relies for jurisdiction for the first two causes of action, provides that a court may exercise jurisdiction over a nondomiciliary where the cause of action sounds in tort and the tortious act was committed within the State. The gist of the first two causes of action is fraudulently producing a false impression upon the plaintiff’s mind by the defendants. (Noved Realty Corp. v. A. A. P. Co., 250 App. Div. 1, 6 [1st Dept., 1937].) This occurred when plaintiff received the letter in New York sent by defendants and read, their representations about the new shares he would receive by indorsing his stock certificate and returning it to them. As a result, plaintiff, relying on said representations, indorsed the certificate and returned it to the defendants. Thus, defendants’ tortious act occurred in New York where the contents of defendants ’ letter were perused by plaintiff and from where he parted with his stock certificate. If the letter had never reached plaintiff, no tort would have been committed. In discussing the identical issue, the United States Court of Appeals for the First Circuit stated as follows: “ We would be closing our eyes to the realities of modern business practices were we to hold that a corporation subjects itself to the jurisdicition of another state by sending a personal messenger into that state bearing a fraudulent misrepresentation but not when it follows the more ordinary course of employing the United States Postal Service as its messenger. See Parke-Bernet Galleries, Inc. v. Franklyn, 26 N. Y. 2d 13 * * * (1970); R. F. D. Group Ltd. v. Rubber Fabricators, Inc., 323 F. Supp. 521 (S. D. N. Y. 1971). Where a defendant knowingly sends into a state a false statement, intending that it should there be relied upon to the injury of a resident of the state, he has, for jurisdictional purposes, acted within that state.” (Murphy v. Erwin-Wasey, 460 F. 2d 661, 664 [1st Cir., 1972]; but, see, Gluck v. Easig Tipton Co., 63 Misc 2d 82 [Sup. Ct., N. Y. County, 1970].) It should be noted that the Massachusetts statute there being interpreted is substantially the same as CPLR 302 (subd. [a], par. 2).
If the representation in question had originally been made to plaintiff in New Jersey, and was then subsequently confirmed by letter to him in New York, jurisdiction would not lie. (Kramer v. Vogl, 17 N Y 2d 27 [1966].) But that was not the case here. It was the letter sent by the defendants to plaintiff which first communicated to him the representation upon which he relied.
*613 Turning to the third and fourth causes of action, plaintiff’s claim that he rendered legal services to the defendants in New York establishes a sufficient nexus for jurisdiction under CPLR 302 (subd. [a], par. 1).(Strasser, Spiegelberg, Fried & Frank v. Schlesinger, 53 Misc 2d 78, affd. 28 A D 2d 828; Elman v. Belson, 32 A D 2d 422; Mayer v. Goldhaber, 63 Misc 2d 605.)
For the foregoing reasons, ithe motion to dismiss the complaint is denied.