Herbert Shapiro, J.
Whether the tortious act alleged to have been committed by the defendant Herman Glucoft (hereinafter "Herman”), a New Jersey resident, was committed in New York State so as to call into play the provisions of the "long-arm” statute is the threshold question to be determined on this motion to dismiss the complaint.
The action, brought against Herman and the Northside Savings Bank, seeks damages, actual and punitive, by reason of the acts of the defendants in "illegally restraining” the joint bank account of the plaintiffs (the brother and sister-in-law of Herman) in the defendant bank.
The genesis of the action is to be found in the death of Herman’s father, Benjamin (also the father of the plaintiff Irving Glucoft, hereinafter "Irving”). After arranging for the funeral and related matters, Herman realized that the assets left by his father were insufficient to pay the full amount of the same. He alleges that his father had set up a bank account to defray such costs and that he had in his possession the passbook of the account in the Northside Savings Bank. *1008 The account was denominated as follows: "Benjamin Glucoft in trust for Irving Glucoft”. That account carried a balance of $1,413.66.
Herman claims that he discussed the account with Irving and that it was agreed that the proceeds would be used to defray the cost of the funeral and related expenses.
Herman subsequently learned, however, that Irving had filed a "lost passbook” affidavit with the bank and had transferred the funds from that account to a new account jointly with his wife. Upon obtaining such information, Herman consulted a law firm in New Jersey and by letter dated January 2, 1975 the said attorneys wrote to the bank. It is this letter which is the basis for the instant action against Herman.
The letter advised the bank that Herman was in possession of the passbook to the father’s account and that the affidavit of Irving stating that he had lost the passbook was false. It went on to request that the bank desist from releasing the funds in the successor joint account to Irving or his wife. It went on to state that if such action was not taken by the bank, it, the bank, would be brought into a lawsuit involving Herman and Irving. The bank, upon receiving the letter from Herman’s attorneys, put a "stop” on the joint account and the instant action ensued.
Service of the summons and complaint upon Herman was made in New Jersey through the local Sheriff’s office. It is the validity of that service which is now to be examined.
As indicated, the service upon Herman is sought to be sustained on the theory that the sending of the letter by Herman’s attorneys from New Jersey to the bank in New York constituted a tortious act committed in this State within the contemplation of CPLR 302 (subd [a], par 2). I conclude that such "act” was not committed within the State of New York and that the provision of the long-arm statute may not be relied upon to confer jurisdiction over the New Jersey resident, Herman.
In Lynn v Cohen (359 F Supp 565, 568), the court, after considering the cases decided by the courts of this State, stated: "The New York courts have given a strict interpretation to § 302(a)(2), requiring, in effect, that the defendant be physically present in New York while committing the tort.”
In the leading case on the subject, Feathers v McLucas (15 *1009 NY2d 443), the Court of Appeals employed language indicating that the view of the Federal court in the Lynn case was an accurate reflection of the State of the New York law. The court stated (p 460): "The language of paragraph 2 * * * is too plain and precise to permit it to be read * * * as if it were synonomous with 'commits a tortious act without the state which causes injury within the state’ * * * Any possible doubt on this scoré is dispelled by the fact that the draftsmen of section 302 pointedly announced that their purpose was to confer on the court 'personal jurisdiction over a non-domiciliary whose act in the state gives rise to a cause of action’ or, stated somewhat differently, 'to subject non-residents to personal jurisdiction when they commit acts within the state. ’ ”
I conclude that the preparation and mailing of the offending letter constituted the tortious act relied upon and that such act was committed not in New York but in New Jersey. In reaching this conclusion I am not unmindful of the decision in Polish v Threshold Technology (72 Misc 2d 610). In that case it was held that a letter mailed from New Jersey to the plaintiff in New York (which letter led the plaintiff to deliver a corporate stock certificate to defendant which was thereafter converted) constituted the commission of a tortious act in New York. The court there reasoned that the tort was committed when the plaintiff read the contents of the letter and parted with his stock certificate in reliance thereon.
In light of the pronouncements of the Court of Appeals on this subject, I feel constrained to differ with the result reached in the Polish case. For example, in Kramer v Vogl (17 NY2d 27, 31) the Court of Appeals reaffirmed the view that the commission of a tortious act in New York requires that the "defendant’s act” occur within this State.
What act of the defendant over whom jurisdiction is sought in this case occurred in New York? Not the writing of the letter. That act was clearly performed in New Jersey. Not the mailing of the letter. That too was done in New Jersey. Nor can I find any other act of the defendant Herman, or his attorneys, which was performed in New York.
The rationale of the Polish case is that the preparation and mailing of a letter in another State which causes injury in this State constitutes the commission of a tortious act here. As indicated, I cannot agree with such reasoning.