■ BAUER INDUSTRIES, INC., Appellant, v SHANNON LUMINOUS MATERIALS COMPANY et al., Respondents.—In an action *inter alia* to recover damages for fraud, plaintiff appeals from an order of the Supreme Court, Nassau County, dated November 6, 1975, which, after a hearing, granted the branch of defendants' motion which sought to dismiss the complaint on the ground that defendants are not subject to personal jurisdiction in New York State under CPLR 302 (subd [a], par 2). Order affirmed, with costs. In November, 1973 plaintiff, a New York corporation, entered into an agreement to distribute fluorescent pens used in the banking industry, which were manufactured by defendants, a California corporation and its principals. Plaintiff concedes that defendants are not doing business or transacting business within New York State. In or about March, 1974 plaintiff wrote to defendants, based upon reports in the industry, questioning the ability of the fluorescent ink to last for a period of five years. In response, defendants sent a letter to plaintiff unconditionally guaranteeing that the ink would last for five years under normal conditions. In a subsequent communication in August, 1974, defendants conceded that tests of the ink indicated that it would in fact fade prior to the five-year period. Plaintiff contends that the

alleged false representation, mailed to it in New York, constitutes the commission of a tortious act within New York under CPLR 302 (subd [a], par 2). We agree with the view expressed by Special Term. In light of the decisions in *Feathers v McLucas* (15 NY2d 443) and *Kramer v Vogl* (17 NY2d 27), personal jurisdiction under CPLR 302 (subd [a], par 2) must be denied on the present facts. Cohalan, Acting P. J., Damiani and Hawkins, JJ., concur; Rabin and Titone, JJ., dissent and vote to reverse the order and deny the branch of defendants' motion which sought to dismiss the complaint for lack of personal jurisdiction, with the following memorandum: In our opinion *Feathers v McLucas* (15 NY2d 443) and *Kramer v Vogl* (17 NY2d 27) are distinguishable from the present case, in that the tortious conduct in those cases occurred, essentially, outside of this State. Here, however, the alleged fraudulent guarantee was made by a letter which was sent directly to plaintiff in New York. Upon similar facts, in *Polish v Threshold Technology* (72 Misc 2d 610), it was held that, by sending a false statement into this State, upon which the plaintiff relied to his detriment, defendants had acted within the State within the meaning of CPLR 302 (subd [a], par 2). We agree with the *Polish* holding and, on these facts, find that defendants are subject to jurisdiction on the basis of their alleged tortious conduct within New York.