DONALD MANTER COMPANY, INC.,
Plaintiff-Appellant,

v.

Richard E. DAVIS et al.,
Defendants-Appellees.

No. 76–1324.

United States Court of Appeals,
First Circuit.

Argued Oct. 4, 1976.

Decided Nov. 2, 1976.

James E. Carroll, Manchester, N. H., with whom Eaton, Moody, Solms & Carroll, Manchester, N. H., was on brief, for appellant.

David L. Cleary, Barre, Vt., with whom Richard E. Davis Associates, Inc., Barre, Vt., was on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

We are asked in this case to rule that a familiar principle of *in personam* jurisdiction is no longer law. We decline to do so.

According to the complaint, defendant-appellee Davis, and one Sanguinetti, Vermont citizens and residents, formed a partnership, which entered into a contract with plaintiff-appellant, Donald Manter Company, Inc., a New Hampshire corporation, to be performed in Vermont, but failed to perform. When he was in New Hampshire, concededly on business unconnected with the partnership, Davis was served in hand with a subpoena issued in connection with the diversity complaint Donald Manter Company had filed against him and Sanguinetti in the United States District Court for the District of New Hampshire. Defendants moved, under F.R.Civ.P. 12(b)(2), to dismiss on the ground that the court lacked personal jurisdiction. The motion was granted as to both defendants. Plaintiff concedes this to have been correct as to

Sanguinetti. It appeals with respect to Davis, hereinafter defendant.

■ It has long been black letter law that personal service within its geographical area establishes a court's personal jurisdiction over the defendant. Restatement (Second) of Conflict of Laws § 28 (1969). The cases relied upon by defendant discussing "fairness," etc., allegedly contra, are directed either to the fairness of the basis for substituted service when an individual was *not* personally served or present within the area, or to the fairness of subjecting a foreign intangible entity, such as a corporation, to the jurisdiction of the court. *See, e. g., Hanson v. Denckla,* 1958, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed. 1283; *International Shoe Co. v. Washington,* 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; *Seymour v. Parke, Davis & Co.,* 1 Cir., 1970, 423 F.2d 584. The concern, in other words, was with expanding jurisdiction beyond traditional limits, not with contracting it.

It is not clear from the district court's opinion which of these principles it relied on as making the black letter law outmoded. At one point it stated that an individual personally served within the jurisdiction is entitled to the same "fairness" treatment that would be accorded a foreign corporation not doing business within the state. At another point it spoke as if partnerships were legal entities, and thus subject to the corporation test. Neither position is correct.

■ The partnership here cannot be treated as an entity since New Hampshire law, applicable by virtue of F.R.Civ.P. 17(b), treats partnerships as entities subject to suit in their own name only when there are more than four partners, N.H.R.S.A. c. 510 § 13 (1968); otherwise the partners must be sued individually, *Rosenblum v. Judson Eng'r Corp.,* 1954, 99 N.H. 267, 109 A.2d 558. Nor will we adopt the suggestion, advanced by some commentators, *see* Ehrenzweig, The Transient Rule of Personal Jurisdiction: The "Power" Myth and Forum Conveniens, 65 Yale L.J. 289 (1956); Developments in the Law: State-Court Jurisdiction, 73 Harv.L.Rev. 909, 937–39 (1960), but unsupported by any judicial authority, that an individual's mere presence within the jurisdiction is not enough to subject him to the court's process. As to this, we consider it particularly unacceptable to say that an action not in rem must be brought in the defendant's residence to the exclusion of the plaintiff's. Rather, even on the limited subject of venue, it is frequently said that, at least in the absence of a showing of harassment, the party who brings the suit should be the one to choose the forum. *See, e. g., Gulf Oil Corp. v. Gilbert,* 1947, 330 U.S. 501, 507–08, 67 S.Ct. 839, 91 L.Ed. 1055; *Shutte v. Armco Steel Corp.,* 3 Cir., 1970, 431 F.2d 22, 25, *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808. Any legitimate showing a defendant may make as to fairness in this regard is fully cognizable under the change of venue statute, 28 U.S.C. § 1404(a), without impinging on an established principle of jurisdiction. Dismissing the action altogether is overkill.

■ Nor do we accept defendant's newly made contention that it was proper to dismiss under F.R.Civ.P. 19(b) for want of an indispensable party, his absent partner. The court did not so determine, nor has there been full briefing. We may remark, in passing, that the validity of such a claim is doubtful. While partners' liability may normally be joint, unavailability of a partner within the jurisdiction is a good reason for not defeating the action against those served. 3A J. Moore, Federal Practice ¶ 19.11, at 2362–64 (2d ed. 1974).

*Reversed and remanded.*