ALUMINAL INDUSTRIES, INC., and Nicholas Nestro, Plaintiffs,

v.

NEWTOWN COMMERCIAL ASSOCIATES, Dennis S. Tinsky, Gem Sprinkler Company, Inc., Ternary Development Co., Inc., and Fire Protection Industries, Inc., Defendants.

No. 80 Civ. 1118.

United States District Court,
S. D. New York.

Nov. 18, 1980.

Steven A. Greenwold, Poughkeepsie, N. Y., for plaintiffs.

Barry, McTiernan & Moore by Michael F. Close, New York City, for defendants Newtown Commercial Associates and Dennis S. Tinsky.

Frank E. Maher, Brooklyn, N. Y., for defendant Fire Protection Industries, Inc.

## MEMORANDUM OPINION AND ORDER

LOWE, District Judge.

This is an action to recover for property damage allegedly sustained by plaintiffs as a result of defendants negligence in defectively installing a sprinkler system on plaintiffs' premises, a building located in Connecticut.[1] The Court's jurisdiction is based on diversity of citizenship between the parties, 28 U.S.C. § 1332. Plaintiffs are residents of Connecticut; defendant Tinsky, the sole managing partner of defendant Newtown, resides in Florida; defendant Newtown is a limited partnership organized under the laws of New Jersey, with the principal place of business in Florida.

Defendants Newtown and Tinsky have moved, pursuant to Rule 12(b)(2) and (b)(3) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), to dismiss the complaint as against them for lack of personal jurisdiction and improper venue, or, in the alternative, to transfer the action, pursuant to 28 U.S.C. § 1406(a) and § 1404(a), to the United States District Court for the District of Connecticut.[2]

Plaintiffs oppose defendants' motion and contend that the Court has *in personam* jurisdiction over said defendants because (1) said defendants were personally served with process out-of-state in accordance with the Federal Rules of Civil Procedure and (2) subsequent to the out-of-state service, said defendants were again personally served with process in-state.

### I.  Court's Findings

#### A.  Service of Process

■ Plaintiffs personally served defendants in Florida. New York law determines whether a federal court has jurisdiction over non-domiciliaries where federal jurisdiction is founded solely on diversity of citizenship. *Arrowsmith v. United Press International*, 320 F.2d 219, 223 (2d Cir. 1963). New York's long arm statute, CPLR § 302, sets forth the following criteria for *in personam* jurisdiction,

"(a) *Acts which are the basis of jurisdiction.* As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of

---

1.  Plaintiffs were tenants in possession of said premises under a long term lease with an option to purchase from defendants Newtown Commercial Associates ("Newtown") and Dennis S. Tinsky ("Tinsky"). Defendant Ternary Development Co., Inc. was the general contractor on the building and had contracted with defendant Fire Protection Industries, Inc. to install the sprinkler system. The sprinkler system was manufactured by defendant Gem Sprinkler Company, Inc.

2.  Defendants, prior to moving for dismissal of the complaint, filed a notice of appearance and discovery requests. Plaintiffs contend that defendants, therefore, have waived their right to object to personal jurisdiction and venue. Fed. R.Civ.P. 12(a) provides twenty days to answer or move with respect to the complaint, except if service is made under Fed.R.Civ.P. 4(e), *i. e.* out-of-state service, then the state rule applies. Under the applicable state rule, *i. e.* New York Civil Practice Law and Rules ("CPLR") §§ 313, 302, and 320, defendants had thirty days to move or answer; since defendants' motion was filed within the thirty day limit, defendants' jurisdiction and venue objections were properly and timely raised. *See Grammenos v. Lemos*, 457 F.2d 1067 (2d Cir. 1972); *see also* 5 Wright & Miller, Federal Practice and Procedure: Civil § 1344 (1969).

action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state. . . ."

Construing the pleadings and affidavits most favorably to the plaintiffs, *Ghazoul v. International Management Services, Inc.,* 398 F.Supp. 307, 309 (S.D.N.Y.1975); *see also Leasco Data Processing Equipment Corp. v. Maxwell,* 468 F.2d 1326, 1330 (2d Cir. 1972), the Court finds that said defendants do not have any contacts with New York; neither defendant conducts business or maintains an address or telephone listing, or pays taxes in New York. Newtown does not have any property in New York. Although Tinsky does own property in New York, CPLR § 302(a)(4) is confined to actions arising from the ownership, use or possession of real property; the statute does not make ownership, use or possession of real property *per se* a basis of jurisdiction. *See* Weinstein, Korn ·& Miller, New York Civil Practice ¶ 302.16 (1979); CPLR § 302, 1972 Practice Commentaries at C302:25 (McKinney 1979). Based on the facts in this action, CPLR § 302(a)(3) provides the only basis for asserting "long arm" jurisdiction. However, this provision of the statute cannot sustain a finding of jurisdiction over said defendants since the alleged injury, damage to plaintiffs' premises, occurred in Connecticut[3] and, as previously mentioned, neither Newtown nor Tinsky have, or apparently have had, any "contacts" with New York. As a result, plaintiffs' Florida service is insufficient to support a finding of *in personam* jurisdiction by this Court over said defendants.

■ Following the Florida service, defendants Newtown and Tinsky were again personally served with process approximately one week later; plaintiffs served Tinsky on behalf of both himself and Newtown at a New York City airport. Defendants contend that this second method of service also is insufficient for the Court to obtain personal jurisdiction over said defendants because Tinsky allegedly had, at most, a transient presence within the jurisdiction which does not satisfy the "minimum contacts" and other jurisdiction requirements set forth in *Shaffer v. Heitner,* 433 U.S. 186, 212, 97 S.Ct. 2569, 2583, 53 L.Ed.2d 683 (1977), *citing International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The Court does not agree. The First Circuit Court of Appeals held in *Donald Manter Co., Inc. v. Davis,* 543 F.2d 419 (1st Cir. 1976), a diversity action involving the same service of process issue presented in this action,

"It has long been black letter law that personal service within its geographical area establishes a court's personal jurisdiction over the defendant. Restatement (Second) of Conflicts of Laws § 28 (1969). . . . Nor will we adopt the suggestion, advanced by some commentators, . . . but unsupported by any judicial authority, that an individual's mere presence within the jurisdiction is not enough to subject him to the court's process."

*Id.,* 543 F.2d at 420; *see* 4 Wright & Miller, *supra,* § 1064 at 209 (1969).

Defendants' reliance on the more recent case *Shaffer v. Heitner, supra,* is misplaced. *Shaffer* did not expand or modify existing *in personam* jurisdiction principles such as those espoused in *Donald Manter Co., Inc. v. Davis, supra.* Accordingly, since defendant Tinsky was within the state when service of process was made on him, the Court has personal jurisdiction over said defendants.

For the above-mentioned reasons, defendants' motion to dismiss for lack of *in personam* jurisdiction, based on service of process at the airport, is hereby denied.

---

**3.** The principal place of business for plaintiff Aluminal Industries, Inc. ("Aluminal") is Connecticut. Also, plaintiff Nicholas Nestro resides in Connecticut.

## B. Venue

Defendants seek as alternative relief the transfer of this action, pursuant to 28 U.S.C. § 1406(a) and § 1404(a), to the United States District Court for the District of Connecticut. Defendants allege that venue does not properly lie in this district.

▬▬ In determining whether venue is proper, the Court looks to the residence of the parties and the place where the claim arose. 15 Wright & Miller, supra § 3804 at 18. The venue statute, 28 U.S.C. § 1391, provides inter alia,

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose."

A review of the pleadings in the instant action shows that none of the requirements set forth in 28 U.S.C. § 1391(a) are present; neither all plaintiffs nor all defendants reside in this district,[4] and the cause of action, property damage to plaintiffs' premises in Connecticut, arose outside this district.[5] Accordingly, venue does not properly lie in this district.

Title 28 U.S.C. § 1406(a) provides for the curing of defective venue,

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Since the claim arose in Connecticut,[6] and both plaintiffs reside in Connecticut,[7] under 28 U.S.C. § 1391(a) this action could have been brought in the district of Connecticut.

▬▬ As a result of this finding the Court must decide under 28 U.S.C. § 1406(a) whether it is in the interest of justice to transfer the case to said district. Two factors that Courts have commonly considered in making this determination are (1) the convenience of parties and witnesses, and (2) where the relevant events took place. See 28 U.S.C. § 1404(a); Car-Freshner Corp. v. Auto Aid Mfg. Corp., 438 F.Supp. 82, 85 (N.D.N.Y.1977); accord, Schneider v. Sears, 265 F.Supp. 257, 263 (S.D.N.Y.1967). An examination of these factors in the instant action shows (1) the convenience of parties and witnesses is greater in the district of Connecticut than this forum: (a) plaintiff Nicholas Nestro resides in Connecticut; (b) plaintiff Aluminal has its principal place of business in Connecticut; (c) defendants assert in their motion papers that the district of Connecticut is more convenient;[8] (d) defendants assert that most of the witnesses to the accident are likely to reside in Connecticut;[9] and (2) the cause of action arose in Connecticut. Accordingly, the Court finds that for these reasons the interest of justice is best served by transferring this action to the district of Connecticut.

## C. Discovery

Defendants Newtown and Tinsky have also moved to extend this Court's present discovery deadline in this action until six months after said defendants are obligated to serve an answer.

Since the Court has found that the action should be transferred, the Court declines to decide this motion. The transferee court is in the best position to supervise any continuing discovery and procedural issues in this case. However, in order not to prejudice said defendants, the Court hereby grants them thirty (30) days from the date of this Memorandum Opinion and Order to renew this motion in the transferee court.

---

4. See Memorandum Endorsement, dated June 13, 1980, in which this Court examined the residences of all parties in this action. (As a result of this examination, the Court found that there was complete diversity of citizenship between the parties.)

5. Complaint at paragraphs 7, 13 and 18.

6. Id.

7. See note 3, supra at 329; under 28 U.S.C. § 1332(c) Aluminal is a citizen of Connecticut since its principal place of business is in that state.

8. Affirmation of Michael F. Close, dated July 11, 1980 at 2–3.

9. Id.

## II. *Conclusion*

For the above-mentioned reasons, the motions of defendants Newtown and Tinsky to dismiss the complaint, pursuant to Fed.R. Civ.P. 12(b)(2) and (b)(3) are denied. The alternative relief requested in said motions to transfer the action, pursuant to 28 U.S.C. § 1406(a) and § 1404(a), is granted; the Clerk of the Court is directed to transfer this action to the United States District Court for the District of Connecticut. Defendants Newtown and Tinsky are granted thirty (30) days from the date of this Memorandum Opinion and Order to renew in the transferee court their motion for an extension of the discovery deadline.

It is so Ordered.