**Gus AVATO and Marion Avato, Plaintiffs,**

**v.**

**WALKER MANUFACTURING COMPANY, etc., et al., Defendants.**

**No. 85 Civ. 7054(WCC).**

United States District Court, S.D. New York.

March 3, 1989.

Charles F. McMorrow, Dix Hills, N.Y., for plaintiffs.

Quirk and Bakalor, P.C., New York City, for Voss Industries, Inc.; Thomas E. Tookey, of counsel.

Lawlor & Caulfield, New York City, for Walker Mfg. Co., a Div. of Tenneco and McNeil Corp., Terrance M. Gray, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

This is a diversity action brought by plaintiffs Gus and Marion Avato against defendants Walker Manufacturing Co., Inc. ("Walker Manufacturing"), the McNeil Corp. ("McNeil"), and Voss Industries, Inc. ("Voss") for personal injuries allegedly suffered when Gus Avato ("Avato") was struck by part of a pneumatic jack being used to lift a truck at the A & M Truck Center in Matamoris, Pennsylvania. Voss has moved the Court to dismiss the complaint against it, pursuant to Rule 4, Fed.R. Civ.P., on the ground that the Court lacks personal jurisdiction. For the reasons stated below, Voss's motion is granted, and the case against it is dismissed.

## BACKGROUND

The parties do not dispute that Voss is a Nebraska corporation without authority to conduct business in New York. It is also uncontested that Voss maintains no office in New York, nor has it ever advertised its products or solicited business in New York, or hired agents to advertise or market its products in New York. Nor does Voss own any property in New York, or pay any New York taxes. Nevertheless, plaintiffs argue that Voss is subject to personal jurisdiction because Voss "derived a substantial portion of its income from interstate commerce," and "could have foreseen that its product would find its way into New York," since Voss manufactured the jack for Walker Manufacturing, and both Walker Manufacturing and Tenneco, Walker Manufacturing's parent company, did business "throughout the United States and Canada." Plaintiff's Brief at 2–3.

## DISCUSSION

"In a motion to dismiss for lack of personal jurisdiction, where the trial court holds no hearing, 'the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials.'" *Stone v. Chung Pei Chemical Industry Co. Ltd.*, 790 F.2d 20, 22 (2d Cir.1986), *quoting Marine Midland Bank v. Miller*, 664 F.2d 899, 904 (2d Cir.1981). Even upon reviewing plaintiffs' allegations in the light most favorable to them, *Dixon v. Mack*, 507 F.Supp. 345, 348 (S.D.N.Y. 1980), it is apparent that Voss does not have sufficient contacts with New York State to confer jurisdiction upon this Court.

Where, as in the case at bar, federal jurisdiction is founded exclusively on diversity of citizenship, the law of the forum state governs whether a federal court has personal jurisdiction over non-domiciliaries. *Arrowsmith v. United Press International*, 320 F.2d 219, 223 (2d Cir.1963); *Paul v. Premier Electrical Construction Co.*, 576 F.Supp. 384, 388 (S.D.N.Y.1983); *Aluminal Industries v. Newtown Commercial Associates*, 89 F.R.D. 326, 328 (S.D.N.Y. 1980). New York's long arm statute, CPLR § 302, establishes the following standards controlling in personam jurisdiction over out-of-state defendants:

**(a) Acts which are the basis of jurisdiction.** As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or

his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in another persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y.CIV.PRAC.LAW & RULES § 302(a) (McKinney 1972 & Supp.1989).

■ CPLR § 302(a)(1) is applicable only where "the claim is a direct consequence of purposeful New York activity and the benefits and protections of New York law have been utilized by the manufacturer." *Tonns v. Spiegel's*, 90 A.D.2d 548, 455 N.Y. S.2d 125, 127 (2d Dep't 1982); *see also CT Chemical (USA), Inc., v. Horizons International, Inc.*, 106 F.R.D. 518, 520 (S.D.N. Y.1985) ("A defendant over whom jurisdiction is based on § 302(a)(1) may be sued only on causes of action arising from the specific transaction of business in New York"). "Essential to the maintenance of a suit against a non-domiciliary under CPLR § 302(a)(1) is the existence of some articulable nexus between the business transacted and the cause of action sued upon ..." *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 764 (2d Cir.1983), *quoting McGowan v. Smith*, 52 N.Y.2d, 268, 272, 437 N.Y.S.2d 643, 645, 419 N.E.2d 321, 323 (1981). The requirement of a substantial relationship between act and injury applies with equal force to both clauses of § 302(a)(1) (a defendant may be sued in New York "in any action arising from the transaction of business or contracting to supply goods and services in New York"). *Beacon Enterprises*, 715 F.2d at 763.

§ 302(a)(1) is inapplicable here, because it does not appear from any of the materials provided by plaintiffs that Voss transacted any business in New York, or alternatively, contracted to supply any goods or services in New York. First, the president of Voss testified that Voss shipped only two jacks to New York over an 11–year period; neither of those jacks is alleged to have injured Avato. Plaintiffs' Brief, Exh. C. Thus, Avato's injury did not stem from business transacted by Voss in New York. Second, Walker Manufacturing, the company for whom Voss manufactured the jack in question, was a foreign corporation unauthorized to do business in New York. Moreover, Voss played no role in shipping the jack which injured Avato to New York, and Avato suffered no injury in New York. The jack was ultimately sold to a garage in Pennsylvania, where the accident occurred. Therefore, Voss did not contract to supply any goods to New York. Because plaintiff can show no connection between his injury, Voss's actions, and the state of New York, Voss is not subject to jurisdiction under § 302(a)(1).

■ Personal jurisdiction over Voss cannot be grounded in CPLR § 302(a)(2), either, because Voss is a corporation based entirely in Nebraska, and "[t]he New York Courts have given a strict interpretation to § 302(a)(2) requiring, in effect, that the defendant be physically present in New York while committing the tort." *Paul v. Premier Electrical Construction Co.*, 576 F.Supp. 384, 389 (S.D.N.Y.1983), *quoting Lynn v. Cohen*, 359 F.Supp. 565, 568 (S.D. N.Y.1973). The chief case construing this provision is *Feathers v. McLucas*, 15 N.Y. 2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965), where the Court of Appeals held that manufacturing a defective propane tank in Kansas which explodes in New York does not constitute commission of a tort within New York under § 302(a)(2). The court wrote:

The tortious act charged against the appellant—that it improperly designed and assembled the tank—indisputably occurred in the out-of-state manufacturing process in Kansas ... [t]he mere occurrence of the injury in this State certainly cannot serve to transmute an out-of-state tortious act into one committed here within the sense of the statutory wording.

*Id.* at 20–21, 209 N.E.2d at 77. The facts in the current case are even more compelling than those in *Feathers*, since the injury to plaintiff occurred in Pennsylvania, not New York. An alleged tort committed outside of New York resulting in an injury outside of New York does not satisfy § 302(a)(2).

■ Having failed to establish the necessary predicates for personal jurisdiction under §§ 302(a)(1) and (2), plaintiff is also unable to demonstrate that the Court has personal jurisdiction under § 302(a)(3). Although § 302(a)(3) creates personal jurisdiction for torts committed "without the state" under certain circumstances, any tort covered by this provision must also "[cause] injury to person or property within the state." Plaintiff in this action was injured in Pennsylvania, not New York. Therefore, § 302(a)(3) cannot subject Voss to personal jurisdiction. *Cooperstein v. Pan–Oceanic Marine, Inc.*, 124 A.D.2d 632, 507 N.Y.S.2d 893 (2d Dep't 1986) (out-of-state lender not subject to personal jurisdiction under § 302(a)(3) where lender's alleged fraud and misrepresentation caused only indirect financial loss, if any, to borrower in state); *Bramwell v. Tucker*, 107 A.D.2d 731, 484 N.Y.S.2d 92, 93 (2d Dep't 1985) ("The mere residence or domicile in New York of an injured plaintiff does not constitute injury within the State for the purpose of establishing jurisdiction under this statute where the injury actually occurred elsewhere."); *Black v. Oberle Rentals, Inc.*, 55 Misc.2d 398, 285 N.Y.S.2d 226 (1967) (no personal jurisdiction under § 302(a)(3) over Indiana manufacturer for automobile accident in Massachusetts injuring New York plaintiffs).

## CONCLUSION

For the reasons set forth in the opinion above, Voss's motion to dismiss the case against it for lack of personal jurisdiction is granted.

SO ORDERED.